EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.   ) | |
|                           ) | |
|       Plaintiff,           ) | |
|                           ) | |
| v.                            ) | Civil Action No: 1:14-cv-14176 |
|                           ) | |
| PRESIDENT AND FELLOWS OF HARVARD  ) | |
| COLLEGE (HARVARD CORPORATION)    ) | |
|                           ) | |
|       Defendant.      ) | |
|                           ) | |

## NOTICE OF SUBPOENA TO STUYVESANT HIGH SCHOOL

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff is serving on or about February 28, 2017, the attached subpoena directed to

Stuyvesant High School, 345 Chambers Street, New York, New York 10282.

STUDENTS FOR FAIR ADMISSIONS, INC.

By its Attorneys,

Dated: February 28, 2017

Paul M. Sanford (BBO #566318)
Benjamin C. Caldwell (BBO #675061)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI  02903
Tel: (401) 831-8330
psanford@burnslev.com
bcaldwell@burnslev.com

Patrick Strawbridge (BBO # 678274)
CONSOVOY McCARTHY PARK PLLC
Ten Post Office Square
Boston, MA  02109
Tel: (617) 227-0548
patrick@consovoymccarthy.com

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY McCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
Tel: (703) 243-4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com
(admitted *pro hac vice*)

Michael H. Park
CONSOVOY McCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10024
Tel: (646) 456-4432
park@consovoymccarthy.com
(admitted *pro hac vice*)

2

## **CERTIFICATION**

I hereby certify that on this 28th day of February, 2017, a true copy of the foregoing was mailed, postage pre-paid, to:

Felicia H. Ellsworth, Esq.
William F. Lee, Esq.
Andrew S. Dulberg, Esq.
Elizabeth C. Mooney, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109

Seth P. Waxman, Esq.
Paul R.Q. Wolfson, Esq.
Daniel Winik, Esq.
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006



3

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Massachusetts

| | |
|---|---|
| Students for Fair Admissions, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    1:14-cv-14176-ADB |
| President and Fellows of Harvard College (Harvard Corporation) | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Stuyvesant High School
345 Chambers Street, New York, New York 10282
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place:    CONSOVOY MCCARTHY PARK PLLC<br>3 Columbus Circle, 15th Floor, New York, NY 10024 | Date and Time:<br>04/04/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Schedule B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/27/2017

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Students for Fair Admissions, Inc.          , who issues or requests this subpoena, are:
Benjamin C. Caldwell (BBO #675061), Burns & Levinson LLP, One Citizens Plaza, Suite 1100, Providence, RI 02903, 401-831-8330, bcaldwell@burnslev.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:14-cv-14176-ADB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The instructions, rules of construction, and definitions set forth in Rules 26, 30, and 45 of the Federal Rules of Civil Procedure and in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein as if fully set forth.

## DEFINITIONS

"Communication" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(1).

"Complaint" means the Complaint SFFA filed in this action on November 17, 2014.

"Concerning" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(7). Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

"Harvard" means Harvard College and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

"Including" means including but not limited to.

"Plaintiff" or "SFFA" means Students for Fair Admissions, Inc. and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

The term "race" means race, ethnicity, or national origin.

"Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

"Representative" means any and all agents, servants and employees.

4

"You" and "Your" means Stuyvesant High School and its members, directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

## **RULE 30(b)(6) TOPICS OF EXAMINATION**

1.      The racial composition of applicants, admitted persons, or enrollees to Harvard.

2.      Harvard's use of race in the admissions process.

3.      Communications to, from, or copying Harvard regarding the use of race in the admissions process.

4.      Alleged discrimination by colleges, including but not limited to Harvard, against persons of Asian descent from Stuyvesant High School in the college admissions process.

5.      Communications concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed).

4824-1482-4004.1

## SCHEDULE B

The instructions, rules of construction, and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein as if fully set forth.

## DEFINITIONS

"Communication" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(1).

"Complaint" means the Complaint SFFA filed in this action on November 17, 2014.

"Concerning" is defined to be synonymous in meaning and equal in scope with L.R. 26.5(c)(7). Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

"Harvard" means Harvard College and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

"Including" means including but not limited to.

"Plaintiff" or "SFFA" means Students for Fair Admissions, Inc. and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

The "present" means the date on which Your responses to these requests are submitted.

The term "race" means race, ethnicity, or national origin.

"Relate" means consisting of, referring to, reflecting, evidencing, or being in any way legally, logically or factually connecting with the matter referred to or having a tendency to prove or disprove the matter referred to.

6

"Representative" means any and all agents, servants and employees.

"You" and "Your" means Stuyvesant High School and its members, directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

## INSTRUCTIONS

1.      In responding to these document requests, You shall produce separately all documents in Your possession, custody, or control, including documents in the possession, custody, or control of Your agents and representatives.

2.      Any request concerning a partnership, limited liability company, or corporate entity includes its subsidiaries, affiliates, employees, members, agents, representatives, or attorneys.

3.      Unless stated otherwise, requests concerning applications, admitted students, and enrolled students are limited to the application, admission, and enrollment of freshman and transfer undergraduate students at Harvard College.

4.      The term "or" is to be read in both the conjunctive and disjunctive and shall serve as a request for documents that would be responsive under a conjunctive reading in addition to all documents that would be responsive to a disjunctive reading.

5.      If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds.  If

7

You claim privilege or any other objection with regard to only part of a document, produce the part as to which there is no objection.

6.      If any document or copy was, but is no longer in Your possession, custody, or subject to Your control, please state and specify in detail for each such document: date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all persons having knowledge of the contents thereof.

7.      Produce all documents in complete form, as kept in the normal course of business, and identify the file from which each document was taken.

8.      This Request for Production principally seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the time period beginning with September 1, 2011, and continuing throughout the pendency of this litigation, or relating to this time period whenever prepared.  Any request seeking documents from this time period refer to the "Relevant Period."  Any request seeking documents beyond the Relevant Period refer to documents "from any time."

9.      These requests shall be deemed to be continuing so as to require supplemental answers from time to time until the date of trial.

## DOCUMENTS TO BE PRODUCED

1.      All documents from the Relevant Period prepared by You concerning the racial composition of applicants, admitted persons, or enrollees to Harvard.

2.      All communications from the Relevant Period by or among Your employees or agents regarding Harvard's use of race in the admissions process.

8

4824-1482-4004.1

3.    All communications from the Relevant Period to, from, or copying Harvard regarding the use of race in the admissions process.

4.    All reports, examinations, accounts, analyses, complaints, or other documents from any time describing alleged discrimination by colleges, including but not limited to Harvard, against persons of Asian descent from Stuyvesant High School in the college admissions process.

5.    All communications during the Relevant Period concerning SFFA, the Plaintiff and its Representatives (including, but not limited to, Edward Blum), the Complaint, or this action (before or after it was filed).

4824-1482-4004.1